UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**BIG HEARTED BOOKS AND CLOTHING LLC,**  Chapter 11
    Debtor  Case No. 18-10950-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER**

Upon consideration of 1) the Emergency Motion for Authority to Use Cash Collateral (the "Cash Collateral Motion") filed by Big Hearted Books and Clothing LLC (the "Debtor");[1] 2) the Limited Objection to the Cash Collateral Motion filed by Byline Bank (the "Bank");[2] 3) the Court's order, dated March 23, 2018, pursuant to which the Court authorized the Debtor to use cash collateral on an interim basis through April 23, 2018 at 10:30 a.m., directed parties in interest to file objections, if any, to the Debtor's further use of cash collateral by April 19, 2018 at 4:30 p.m., directed the Debtor to file a reconciliation of its actual income and expenses to its projected income and expenses by April 18, 2018 at 12:00 p.m., and directed the Debtor to submit a proposed order by 4:30 p.m. on March 26, 2018 at 4:30 p.m.; 4) the Exhibits filed by the Debtor on April 18, 2018, one of which contained a reconciliation of its budgeted revenue and expenses with

---

[1] The Debtor filed a voluntary Chapter 11 petition on March 19, 2018. It is a company that collects unwanted books, DVDs, compact discs, and clothing that individuals voluntarily place in large metal containers. It sells and distributes the books, clothing, and other property it collects on Amazon and eBay. The Debtor does not own any real estate.

[2] The Bank which represents that as of the petition date of March 19, 2018 the Debtor owed it not less than $3,651,506.85 in principal, interest and late fees pursuant to a SBA 7a Loan in the principal dated October 31, 2017 in the principal amount of $3,850,000.00 (the "Loan") and that the loan is secured by valid and properly perfected first priority security interests in and liens on all of the Debtor's business assets including without limitation all cash, accounts and accounts receivable (the "Cash Collateral"), machinery and equipment and inventory, among other assets.

its actual revenue and expenses for the past month, and the other which contained forecasts of income and expenses for the next two months; 5) the Bank's Objection to the Debtor's Further Use of Cash Collateral; 6) the documents submitted by the counsel to the Debtor and by counsel to the United States trustee at the hearing on April 23, 2018; 7) the representations and arguments made by counsel to the Debtor, the Bank, and the United States trustee at the hearing held on April 23, 2018, and, in particular, the following: (a) the Debtor's projections of revenue offered at the March 23, 2018 hearing on the Cash Collateral Motion were materially inflated and its projections of expenses were materially underestimated and inaccurate, (b) the Debtor's gross income for the past 30-days was approximately one tenth of its projections as the Debtor obtained no revenue during that period from sales on either Amazon or eBay, resulting in a $633,706 variance, (c) the Debtor's losses which were in excess of $200,000 for the period of March 19, 2018 through April 18, 2018,[3] (d) the Debtor has abandoned its online sales business on Amazon and eBay due to its inability to fund shipping costs, (e) the Debtor's accountant prepared a summary of liabilities incurred from March 19, 2018 to April 20, 2018 that reflects that the Debtor has incurred approximately $279,904.91 in postpetition debts without regard to professional fees, (f) the Debtor's counsel, while challenging the magnitude of the loss, acknowledged at the hearing that postpetition debts incurred since the filing date are at least $175,000, (g) the expenses of moving the Debtor's premises will be approximately $100,000 and those expenses are not included in the Debtor's projections for the next 30 days, (h) the Debtor's projections for the next 30-days forecast a loss of approximately $29,000 without regard to moving expenses; 8) the draft of the Debtor's Monthly Operating Report, a report which must be filed with the United States

---

[3] The Debtor's Exhibit (Docket No. 46) filed on April 18, 2018 reflected a loss of $223,542, while a similar exhibit submitted in Court on April 23, 2018 reflected a $209,034 loss owing to revised payroll costs.

trustee is incomplete, contains a number of deficiencies, and reflects total postpetition debts of approximately $96,713, which is less than the amount reported by the Debtor's accountant; 9) the entire record of proceedings in this Chapter 11 case, in particular the Court's Order, dated April 23, 2018, granting relief from stay to EIP Will Drive LLC, the Debtor's landlord, to evict the Debtor from its leased premises consisting of approximately 121,308 square feet of floor space located at 135 Will Drive, Canton, Massachusetts, as well as the absence of reliable projections of income and expenses; 10) the Bank's Motion to Convert Chapter 11 Case pursuant to 11 U.S.C. § 1112, which motion is scheduled for hearing on May 29, 2018; 11) the Debtor's receipt of an offer to purchase the Debtor's equipment for $600,000, which offer is approximately $1,100,000 less than the value of the equipment the Debtor listed on Schedule A/B: Assets-Real and Personal Property, and which offer is not yet the subject of a purchase agreement; and 12) the provisions of 11 U.S.C. § 363(b)(1), (c)(2), (e), and (p), the Court finds and rules as follows:

> (a) The Debtor has had negative cash flow since the petition date. The Debtor's financial condition is deteriorating each week, as it is accruing substantial postpetition liabilities, including liabilities for rent. Its cash on hand in its DIP and payroll accounts have declined to minimal levels since the petition date.
>
> (b) The interests of secured creditors in the Debtor's cash collateral are rapidly diminishing in value and the value will further decrease with the Debtor's continued use of cash collateral. The Debtor is unable to provide the Bank and other secured creditors with interests in its cash collateral with adequate protection for their interests.

Accordingly, the Cash Collateral Motion is denied. The Debtor is ordered to turn over all cash collateral to the Bank's attorney pending further order of the Court.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 24, 2018